## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**GERALD BROWN**                                                    **CIVIL ACTION**

**VERSUS**                                                          **CASE NO. 14-1470**

**HOME DEPOT U.S.A., INC.**                                         **SECTION: "G"(3)**

## <u>ORDER</u>

Before the Court is Plaintiff Gerald Brown's ("Brown") "Motion to Stay Collection of Bill of Costs."[1] The pending motion was filed on June 24, 2015 and set for submission on July 22, 2015. Pursuant to Local Rule 7.5, opposition to a motion must be filed eight days before the noticed submission date. Defendant Home Depot U.S.A., Inc. ("Home Depot") has filed no opposition at this time, and therefore the motion is deemed to be unopposed. District courts may grant an unopposed motion as long as the motion has merit.[2]

The instant litigation involves Plaintiff's allegations that he was terminated from his position as Assistant Store Manager of Home Depot's store in Marrero, Louisiana because of his race. The Court granted summary judgment in favor of Defendant on April 30, 2015, dismissing all of Plaintiff's claims.[3] On May 29, 2015, Plaintiff filed an appeal with the Fifth Circuit,[4] which remains pending at this time. On the same day, Plaintiff also filed a motion for leave to file his appeal *in*

---

[1] Rec. Doc. 85.

[2] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[3] Rec. Doc. 70.

[4] Rec. Doc. 76.

*forma pauperis*,[5] which the Court granted on June 19, 2015.[6] Also on May 29, 2015, Defendant moved for a bill of costs for $2,637.10,[7] to which Plaintiff did not object and which was issued by the Clerk of Court on June 16, 2015.[8]

In the instant motion, Brown asks the Court to stay the collection of the bill of costs in the amount of $2,637.10 pending the final disposition of the appeal in this matter, noting that Plaintiff had requested leave to file his appeal *in forma pauperis*.[9] Without elaboration, Brown cites *Otay Mesa Property, LP v. United States*,[10] an unreported decision from the United States Court of Federal Claims, wherein the court granted a motion to stay briefing on a plaintiff's request for attorney fees and bill of costs pending resolution of an appeal in the U.S. Court of Appeals for the Federal Circuit.[11] There, the Court held that, for reasons of judicial efficiency, proceedings on an award of attorney fees and costs should be deferred until the appellate process had concluded.[12]

*Otay Mesa* does not appear to apply to this case, where the Clerk of Court has already issued a bill of costs taxed and no further briefing is required on the matter. Neither party has briefed the Court on the standard the Court should apply to the pending motion, but the Court notes that a trial court has inherent power "to control the disposition of the causes on its docket with economy of time

---

[5] Rec. Doc. 77.

[6] Rec. Doc. 84.

[7] Rec. Doc. 79.

[8] Rec. Doc. 83.

[9] Rec. Doc. 85-1.

[10] 06-167, 2011 WL 8491078 (Fed. Cl. Jan. 7, 2011).

[11] Rec. Doc. 85-1.

[12] *Otay Mesa Prop.*, 2011 WL 8491078, at *1.

and effort for itself, for counsel and for litigants."[13] The decision whether to stay a matter is within the sound discretion of the district court.[14] In making this determination, the district court "must consider which side will bear the greater and less remedial burden from delay."[15]

Although Plaintiff fails to elaborate on his apparent argument that his request to appeal *in forma pauperis* warrants a stay of the bill of costs taxed, the Court notes that Defendant has not objected to Plaintiff's request to stay the bill of costs taxed pending resolution of the appeal in this matter. Accordingly, the Court finds that a stay of the bill of costs taxed in this matter is appropriate.

**IT IS HEREBY ORDERED** that Plaintiff Gerald Brown's "Motion to Stay Collection of Bill of Costs"[16] is **GRANTED.**

**NEW ORLEANS, LOUISIANA,** this ___17th___ day of December, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[13] *Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199, 202–03 (5th Cir. 1983) (quoting *Ohio Environmental Council v. United States District Court*, 565 F.2d 393, 396 (6th Cir. 1977)).

[14] *Id.* at 202.

[15] *Id.* at 203.

[16] Rec. Doc. 85.